AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court

**for the**
**Western District of New York**

United States of America )
)
v. ) Case No. 21-MJ- 610
)
JAMEL ACIEGO and VICTOR LOPEZ )
)
*Defendants*

**CRIMINAL COMPLAINT**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Between on or about the date of April 29, 2021 through the present in the county of Monroe in the Western District of New York, the defendant violated 18 U.S.C. §§ 1343 &1349, an offense described as follows:

the defendants did violate Title 18, United States Code, Sections 1343 (wire fraud) and 1349 (conspiracy to commit mail fraud).

This criminal complaint is based on these facts:

X Continued on the attached sheet.

Please see attached affidavit

*Complainant's Signature*

Bradford Price, S/A FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: April 30, 2021

*Judge's signature*

City and State: Rochester, New York

Hon. Mark W. Pedersen, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

STATE OF NEW YORK )<br>
COUNTY OF MONROE ) ss:<br>
CITY OF ROCHESTER )

I, Bradford Price, being duly sworn, do depose and say:

1. I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI"), and have been employed in that capacity for approximately 17 years. I am currently assigned to the FBI's Buffalo Division, Rochester Resident Agency. During the course of my employment with the FBI, I have received specialized training in, and have participated in, criminal investigations involving violations of federal financial crime laws and associated crimes.

2. This affidavit is made in support of a criminal complaint charging JAMEL ACIEGO and VICTOR LOPEZ with violations of Title 18, United States Code, Sections 1343 (wire fraud) and 1349 (conspiracy to commit wire fraud) (hereafter referred to as the SUBJECT OFFENSES). I have not included herein each and every fact known to me concerning this investigation. Rather, I have set forth only those facts necessary to establish that there is probable cause to believe that JAMEL ACIEGO and VICTOR LOPEZ did commit the SUBJECT OFFENSES, as further described herein.

3. The information and statements contained in this affidavit are based upon information learned in my own investigation, including statements by victims, witnesses, information contained in records and documents, my training and experience, and information supplied by other members of law enforcement.

## PROBABLE CAUSE

4. In the Western District of New York and multiple other districts, there have been numerous instances of a particular scam targeting elderly individuals. This fraud is perpetrated by unknown individuals who telephonically contact the victim and claim to be, or to legally represent their grandchild, and further claim that the grandchild has been placed in jail and requires bail money to be paid to this lawyer in order to be released. The victim is then instructed to arrange to make payment, usually in cash, to be given to another individual or individuals serving as a courier for the payment who would then arrive at the victim's residence and take this payment.

5. The scheme involves at least 20 known victims in the Western District of New York in the past week alone, who have been defrauded out of approximately $275,000. The scheme, however, extends beyond the Western District of New York, and involves investigations in other districts as well.

6. Based upon investigation in other districts, the *modus operandi* involved individuals, commonly referred to as money mules or "runners," being sent by others to travel to various locations to pick up cash and deliver to others. These "runners" generally are compensated based upon a percentage of the money being moved from the victim to a contact in the scheme. Many "runners" who were interviewed have admitted to knowing they were involved in a scam; others have denied being witting participants in the scam.

7. On April 28, 2021, in the evening, Victim 1 received a telephone call from someone purporting to represent her grandchild, who purportedly had been arrested and was in jail. Victim 1 was told that $13,000 was needed to bail her grandchild out of jail. Arrangements were made for someone to visit Victim 1 to pick up cash.

8. Victim 1 then notified the Monroe County Sheriff's Office ("MCSO") of this incident. MCSO went to the residence of Victim 1 in Perinton, New York, in the Western District of New York, and established surveillance there to wait for the expected "runner" or "runners" to show up.

9. At Victim 1's residence, MCSO observed two individuals pull up in a vehicle and park it away from the residence. One of the individual exited the car and walked to Victim 1's residence. MCSO approached this individual, later identified as JAMEL ACIEGO, who began to run from the MCSO. The deputy had to pursue and tackle ACIEGO to place him under arrest. ACIEGO was charged him with Attempted Grand Larceny 2nd and Conspiracy 5th. Based upon my training and experience, if ACIEGO lacked knowledge that he was engaged in illegal activity, he would not have run from the police in these circumstances.

10. The other individual, later identified as VICTOR LOPEZ, remained in the vehicle. When LOPEZ was approached by police, he drove off at a high rate of speed, and crashed the vehicle. Police pursued LOPEZ and arrested him at the crash site. Based upon my training and experience, if LOPEZ lacked knowledge that he was engaged in illegal activity, he would not have fled from the police in these circumstances.

11. ACIEGO agreed to cooperate with police following his arrest. ACIGO stated that he and LOPEZ worked together at a Home Depot in Miami, Florida, together with others. He explained that LOPEZ and others were serving as "runners" who would be sent to pick up cash at specific locations and deliver it elsewhere. He was asked to participate by driving to the Rochester / Buffalo area, and agreed to do so. LOPEZ does not have a driver's license.

12. ACIEGO stated that he was told to rent the car they used to drive from Miami to the Western District of New York. ACIEGO fronted the $1300 needed to rent car and cover travel expenses. In a text message found on ACIEGO's phone, LOPEZ indicated that the expense would be worth his while.

13. During the interview, ACIEGO initially claimed ignorance and lack of knowledge of his role in moving money, and claimed he was just on a road trip. Later on, he acknowledged reluctantly that he was, in his own words, a "runner." His use of this terminology, based upon my training and experience, shows that he was familiar with the structure of and of the nature of scheme.

14. The two defendants stayed at a hotel in Amherst, New York, while awaiting further instructions. LOPEZ used his cell phone and a text messaging application to communicate and receive instructions about where to go, and from whom to obtain money. ACIEGO did not know who they were supposed to deliver the money to or who was instructing LOPEZ, but LOPEZ did.

15. ACIEGO advised that shortly before driving to Perinton, LOPEZ received instructions to pick up $15,000 from another individual, Victim 2, in East Aurora, New York. After retrieving the $15,000, they drove back to their hotel. LOPEZ went into the hotel with the money and returned 5 minutes later without the money.

16. A later search of the hotel by FBI failed to locate the $15,000 in their room. This indicates that LOPEZ transferred the money to his contact in the scheme, as opposed to securing it at the hotel.

17. Thereafter, they then drove to Perinton, New York, to meet with Victim 1. LOPEZ received the specific address via text message, forwarded this text to ACIEGO, who then used Google Maps to navigate to Victim 1's residence.

18. Based on my training and experience, I know that signals sent to communicate with Google from Western District of New York will travel through servers located in other states. In addition, because this fraud appears to be ongoing in multiple states and text messages were used to direct the activities of LOPEZ while they were in New York, it is likely that those communications travelled across state lines.

***CONCLUSION***

19. Based on the foregoing, I respectfully submit that there is probable cause to believe JAMEL ACIEGO and VICTOR LOPEZ did violate Title 18, United States Code, Sections 1343 (wire fraud) and 1349 (conspiracy to commit mail fraud).

Special Agent
Federal Bureau of Investigations

Subscribed to and sworn before me
this 30th day of April 2021.

HONORABLE MARK W. PEDERSEN
UNITED STATES MAGISTRATE JUDGE